**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**
Judge John L. Kane

Civil Action **No. 1:11-cv-00128-JLK**

**WILDEARTH GUARDIANS**,

      Plaintiff,

v.

**U.S. BUREAU OF LAND MANAGEMENT**,

      Defendant,

**CHESAPEAKE EXPLORATION, LLC,**

      Proposed Defendant Intervenor.

---

**ORDER**

---

This matter is currently before me on Proposed Defendant Intervenor Chesapeake Exploration's Motion to Intervene (doc. 6). Defendant U.S. Bureau of Land Management takes no position regarding this motion, and Plaintiff WildEarth Guardians does not oppose Chesapeake's intervention in this litigation. *See* Plaintiff's Response to Motion to Intervene (doc. 14). Plaintiff does, however, seek limitations on Chesapeake's participation in this case in order to preserve judicial resources and avoid what they term any "unfair burden."

I find that Chesapeake has satisfied the requirements of Fed. R. Civ. P. 24(a)(2), and Chesapeake's motion is GRANTED. The clerk shall enter the answer attached as Exhibit B to its Motion to Intervene.

Defendant Intervenor's participation is not, however, without limitation. I agree with Plaintiff that Defendant Intervenor's participation should be limited in this appeal in the interest of the efficient conduct of the proceedings. Rule 24(a)(2)'s "reference to practical consideration in determining whether an applicant can intervene implies that those same considerations can justify limitations on the scope of intervention." *San Juan County*, 503 F.3d at 1189. "[I]ntervention of right under the amended rule may be subject to appropriate considerations or restrictions responsive among other things to the requirements of efficient conduct of the proceedings." *Id.* (quoting Fed. R. Civ. P. 24 Advisory Committee Notes (1966 Amendment).

Accordingly, counsel for Defendant and counsel for Defendant Intervenor must confer before filing any motion, responsive filing, or brief to determine whether their positions may be set forth in a consolidated fashion. Defendant Intervenor may file separate motions, responsive filings, or briefs only to raise arguments or issues Defendant declines to raise in its filings. Any separate filings must include a Certificate of Compliance with the condition requiring Defendant Intervenor to confer with counsel for Defendant before filing, and a statement that the issues raised are not adequately covered by Defendant's position.

Dated:  March 30, 2011.             BY THE COURT:

                                    **/s/ John L. Kane**
                                    Senior U.S. District Judge