**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**
Judge John L. Kane

Civil Action **No. 1:11-cv-00128-JLK**

**WILDEARTH GUARDIANS**,
    Plaintiff,

v.

**U.S. BUREAU OF LAND MANAGEMENT**,
    Defendant,

**CHESAPEAKE EXPLORATION, LLC,**
    Intervenor-Defendant.

**ORDER**

Kane, J.

    This Stipulation and Order is entered into by and between Plaintiff WildEarth Guardians ("Guardians") and Defendant Bureau of Land Management ("BLM").

    WHEREAS, Guardians' complaint in this case alleges, among other things, that BLM had failed to perform a conformity analysis as required under section 176 of the Clean Air Act ("CAA"), 42 U.S.C. § 7506, and the Environmental Protection Agency's (EPA) regulations at 40 C.F.R. pt. 93, sbpt B, implementing section 176 of the CAA, when BLM issued 12 oil and gas leases in Weld County, Colorado and Morgan County, Colorado;

    WHEREAS, Guardians further alleges that BLM failed to undertake required analysis under the National Environmental Policy Act ("NEPA"), 42 U.S.C. §§ 4321-4370h, when it issued the 12 leases at issue;

WHEREAS, the 12 leases are designated as COC73444, COC73443, COC73442, COC73424, COC73422, COC73423, COC73426, COC73427, COC73428, COC73439, COC73440, and COC73441;

WHEREAS, leases COC73444, COC73443, COC73442, and COC73424 are within the Denver Metro/North Front Range 8-hour Ozone Nonattainment Area under the CAA;

WHEREAS, leases COC73422, COC73423, COC73426, COC73427, COC73428, COC73439, COC73440, and COC73441 are not within the Denver Metro/North Front Range 8-Hour Ozone Nonattainment Area under the CAA;

WHEREAS, leases COC73423, COC73424, COC73440, COC73441, COC73442, COC73443, and COC73444, have terminated by operation of law for failure to make timely rental payments, but the lessee has petitioned for reinstatement of these leases pursuant to 43 C.F.R. § 3108.2-3, and that petition is pending before BLM;

WHEREAS, leases COC73422 and COC73439 have terminated by operation of law for failure to make timely rental payments, and there is no pending request for reinstatement pending before BLM such that Guardians' current challenge to those leases is moot;

WHEREAS, BLM denies Guardians' allegations and maintains that with respect to the above-referenced leases, it has the discretion to perform whatever conformity analysis and whatever NEPA analysis are required by law and consistent with BLM policy, at either the leasing stage, or when BLM considers project-level applications subsequent to leasing; and

WHEREAS, Guardians maintains that with respect to the above-referenced leases, BLM must perform whatever conformity analysis and whatever NEPA analysis are required by law

and consistent with BLM policy at the leasing stage prior to authorizing the sale and issuance of the leases.

NOW THEREFORE, Guardians and BLM have agreed without admission of any issue of fact or law and in order to avoid protracted and costly litigation and to preserve judicial resources, as follows:

1. BLM agrees to prepare an emissions inventory for oil and gas operations for the Royal Gorge Field Office Planning Area, which includes Weld and Morgan Counties and the Denver Metro/North Front Range 8-Hour Ozone Nonattainment Area. The inventory will include current and reasonably foreseeable emissions of specified pollutants, including ozone precursors, for a 20 year timeframe. BLM may, in its discretion, update the emissions inventory in the future to reflect available information and science.

2. BLM agrees that prior to making a decision whether to grant reinstatement of leases COC73423, COC73424, COC73440, COC73441, COC73442, COC73443, and COC73444, it will conduct, as part of an Environmental Assessment pursuant to NEPA, a qualitative and/or quantitative air quality analysis or analyses that will include, at a minimum, an air quality analysis for ozone or ozone precursors, and will utilize the emissions inventory prepared pursuant to paragraph 1 above, or any updated inventory or analysis. BLM agrees to allow a 30-day public comment period for the Environmental Assessment. Prior to making a decision whether to grant reinstatement of the four leases within the nonattainment area (COC73444, COC73443, COC73442, and COC73424), BLM will also perform an applicability analysis, and if necessary, a conformity determination, under CAA section 176, 42 U.S.C. §

7506, and the EPA's conformity regulations.

3. BLM agrees that when considering any application for permit to drill ("APD"), or group of APDs, received for leases COC73426, COC73427, and COC73428, BLM will either:

(a) conduct, as part of preparing an Environmental Assessment or Environmental Impact Statement pursuant to NEPA, a qualitative and/or quantitative analysis or analyses that will include, at a minimum, an air quality analysis for ozone or ozone precursors, and will utilize the emissions inventory prepared pursuant to paragraph 1 above or any updated inventory or analysis; or

(b) tier to an appropriate NEPA document prepared after the date of this Agreement that utilizes the emissions inventory prepared pursuant to paragraph 1 or any updated inventory or analysis.

(c) paragraphs 3(a) and 3(b) do not apply where the BLM's obligation to respond to the drainage of federal minerals, in accordance with 30 U.S.C. § 226(j) and 43 C.F.R. Subparts 3100 and 3162, requires that it process the application prior to completion of the emissions inventory.

(d) BLM further agrees to allow a 30-day public notice and comment period, consistent with 43 C.F.R. §46.305, 43 C.F.R. §3162.3-1(g), Onshore Oil and Gas Order No. 1, 72 Fed. Reg. 10328 (March 7, 2007), and BLM policy, for APDs or Notices of Staking for these leases.

4. Upon completion of analysis of each APD, or group of APDs, pursuant to paragraph 3 above, the BLM will make a decision, in accordance with 30 U.S.C. §§ 226(g) and (p) and Onshore Oil and Gas Order No. 1, whether to issue or deny each permit to drill. Approved permits to drill may incorporate conditions of approval that reflect necessary

mitigation measures identified by BLM through the NEPA analysis, in accordance with Onshore Oil and Gas Order No. 1, 43 C.F.R. § 3101.1-2, and BLM policy.

5. BLM agrees not to issue reinstatement decisions under paragraph 2, or approve APDs under paragraph 3 other than in the circumstance identified in paragraph 3(c), until after completion of the emissions inventory discussed in paragraph 1. The Parties agree that this paragraph 5 is enforceable by the Court. In the event of a disagreement between the Parties as to compliance with BLM's commitments in this paragraph, the Parties shall first make a good faith effort to confer and resolve the dispute. If the Parties are unable to resolve the dispute, then either party may move the court to resolve the dispute. Guardians agrees that contempt of court is not an available remedy for any violation of this Stipulation and Order and agrees not to seek an order of contempt for any alleged violation of this Stipulation and Order.

6. Upon entry of this Stipulation and Order by the Court, this case shall be administratively closed under Rule 41.2 of the Local Rules for the United States District Court for the District of Colorado. Upon BLM's notification in writing to the Court and the Plaintiff of BLM's completion of the air emissions inventory mentioned in paragraph 1, the Court shall dismiss this case with prejudice.

7. The Parties agree that this Stipulation and Order does not extend the Court's jurisdiction to hear any dispute over the adequacy or content of any NEPA or other analysis prepared under paragraphs 1-4 in this action. The Parties agree that any challenge to the reinstatement decisions discussed in paragraph 2, or the APD decisions discussed in paragraphs 3-4, must be brought through a new judicial action or administrative appeal. In entering this

Agreement, neither party waives any argument it may have challenging or defending any such decision. The Parties agree that the emissions inventory discussed in paragraph 1 is not itself a reviewable final agency action.

8. This Stipulation and Order may be modified by the Court upon good cause shown, consistent with the Federal Rules of Civil Procedure, by written stipulation between the Parties filed with and approved by the Court, or upon written motion filed by one of the Parties and granted by the Court.

9. BLM agrees to pay to Guardians the sum of $7,928.96 in full satisfaction of any and all claims for attorneys' fees, costs, and other expenses related to this action.

10. BLM's payment, as identified in paragraph 9 above, shall be accomplished by electronic fund transfer to the WildEarth Guardians' Legal Savings Account. Guardians' attorneys shall provide to the undersigned counsel for BLM the appropriate account number and other information needed to facilitate payment.

11. The Parties agree that Guardians reserves the right to seek additional fees and costs incurred subsequent to the Court's entry of this Stipulation and Order arising from a need to enforce or defend against efforts to modify BLM's commitments outlined in paragraphs 1-3. BLM expressly reserves the right to contest fees claimed by Guardians, including entitlement, time expended, and the hourly rate, in any future litigation or continuation of the present action. Further, this Agreement as to attorneys' fees and costs has no precedential value and shall not be used as evidence in any other attorneys' fees litigation.

12. Except as set forth in this Stipulation and Order, the Parties retain all rights, claims, defenses, and discretion they may otherwise have. Except as expressly provided in this Stipulation and Order, nothing herein shall be construed to limit or modify any discretion accorded BLM by statute, regulation or by general principles of administrative law.

13. No provisions of this Agreement shall be interpreted as or constitute a commitment or requirement that BLM obligate funds in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other applicable law or regulation.

14. This Stipulation and Order does not represent an admission by any party to any fact, claim, or defense in any issue in this lawsuit. This Agreement has no precedential value and shall not be cited in any other litigation or administrative proceeding except as necessary to enforce the terms of the Stipulation and Order.

15. Nothing in the terms of this Stipulation and Order shall be construed to limit or deny the power of a federal official to promulgate or amend regulations.

16. The undersigned representative of each Party certifies that he or she is fully authorized by the Party he or she represents to bind that Party to the terms of this Stipulation.

17. Any written notices or other written communications between BLM and Guardians contemplated under this Stipulation shall be sent to the undersigned counsel at the addresses listed in the signature blocks below unless written notice of a change in counsel and/or address is provided.

| | |
|---|---|
| Date: January 13, 2012 | Respectfully submitted, |
| | /s/ Barclay T. Samford |
| | BARCLAY T. SAMFORD |
| | United States Department of Justice |
| | Environment and Natural Resources Division |
| | 999 18th Street |
| | South Terrace - Suite 370 |
| | Denver, Colorado 8020 |
| | (303) 844-1475 |
| | Clay.Samford@usdoj.gov |
| | |
| | DAVID A. CARSON |
| | United States Department of Justice |
| | Environment and Natural Resources Division |
| | 999 18th Street |
| | South Terrace - Suite 370 |
| | Denver, Colorado 80202 |
| | (303) 844-1349 |
| | david.a.carson@usdoj.gov |
| | |
| | *Counsel for Federal Defendants* |
| | |
| | /s/ Samantha Ruscavage-Barz |
| | SAMANTHA RUSCAVAGE-BARZ |
| | WildEarth Guardians |
| | 516 Alto Street |
| | Santa Fe, New Mexico 87501 |
| | (505) 988-9126 x.1158 |
| | sruscavagebarz@wildearthguardians.org |
| | |
| | *Counsel for Plaintiff* |

IT IS SO ORDERED.

Dated: January 17, 2012            BY THE COURT:

**/s/ John L.  Kane**
Senior U.S. District Court Judge